## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| U.S. DEPARTMENT OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| 200 Independence Avenue SW | ) | |
| Washington, DC 20201, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Health and Human Services to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American

public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Health and Human Services ("HHS") is an agency

of the U.S. Government headquartered at 200 Independence Avenue SW, Washington, DC 20201.

The U.S. Department of Health and Human Services has possession, custody, and control of

records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On August 19, 2022, Plaintiff sent a FOIA request to HHS seeking access to the

following:

> **Records and/or communications of the Assistant Secretary for Preparedness
> and Response, Department of Health and Human Services, that refer to
> and/or document any after action reports, lessons learned, after action
> reviews, review of procedures, analysis, studies, [or] "hot washes,"
> concerning preparing and/or responding to the COVID-19 pandemic.**

The time frame was identified as "March 1, 2020 to the present."  HHS subsequently assigned

the request FOIA Request No. 2022-01099-FOIA-OS.

6.      At HHS's request, Plaintiff clarified its request on August 23, 2022.

7.      HHS acknowledged receipt of the request on August 30, 2022.  In its

acknowledgment, HHS invoked FOIA's 10-day extension of time provision for "unusual

circumstances."

8.      As of the date of this Complaint, the State Department has failed to: (i) determine

whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons

therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the

requested records or otherwise demonstrate that the requested records are exempt from

production.

- 2 -

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8.      Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.      Defendant is in violation of FOIA.

10.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11.     Plaintiff has no adequate remedy at law.

12.     To trigger FOIA's administrative exhaustion requirement, Defendant State Department was required to make a final determination on Plaintiff's request by October 14, 2022.  Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 9, 2024

Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 487733
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Telephone:     (202) 646-5172
Email: mdiliberto@judicialwatch.org

*Counsel for Plaintiff*